# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-056-RLV-DCK

| | |
|---|---|
| DONALD E. LEDFORD, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    **ORDER**<br>) |
| NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,[1] | )<br>)<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Summary Judgment [Doc. 12] and Defendant's Motion for Summary Judgment [Doc. 14]. Because the parties' filings have been fully briefed and are currently pending, this matter is now ripe for disposition.

For the reasons that follow, the Plaintiff's Motion for Summary Judgment is **DENIED**, the Defendant's Motion for Summary Judgment is **GRANTED**, the Magistrate Judge's Memorandum and Recommendation is **ADOPTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.    BACKGROUND

The relevant background (i.e., procedural and factual history) is accurately and substantially recounted within Magistrate Judge David C. Keesler's Memorandum and Recommendation (the "M&R"), and no objection to that account has been lodged. [Doc. 17]. Therefore, this Order incorporates herein the M&R's statement of the procedural history and

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as the Defendant in this matter. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

factual history surrounding the Plaintiff's claim. To the extent further citations to the record are necessary, the Order will cite and discuss them as they become relevant.

On June 5, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Gregory M. Wilson ("ALJ") in Franklin, North Carolina. [Tr. 18; 51–100]. Additionally, Leanna L. Hollenbeck, a vocational expert ("VE"), Russell R. Bowling, Plaintiff's attorney, and witness Pamela E. Ledford, appeared at the hearing. *Id.* On July 21, 2014, the ALJ issued a decision denying Plaintiff's claim. [Tr. 15–44]. On September 14, 2014, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 15, 2015. [Tr. 1–6; 10–12; 14]. On March 16, 2015, Plaintiff's Complaint seeking a reversal of the ALJ's determination was filed in this Court. [Doc. 1]. Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion) [Doc. 12] and accompanying brief in support of Plaintiff's Motion [Doc. 13] were filed on July 14, 2015. Defendant's Motion for Summary Judgment ("Defendant's Motion) [Doc. 14] and accompanying brief in support of Defendant's Motion [Doc. 15] were filed on September 9, 2015. On March 28, 2016, Magistrate Judge Keesler filed the M&R, which recommends that the Commissioner's decision be affirmed. [Doc. 17]. On April 1, 2016, Plaintiff filed an Objection to the M&R. [Doc. 18]. On April 15, 2016, Defendant replied to Plaintiff's Objection to the M&R. [Doc. 19].

## II. DISCUSSION

### A. Standard of Review

#### 1. *Standards Governing Court Review of Commissioner's Final Decision*

Pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner is limited to determining: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389,

2

390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, if this Court finds that the Commissioner applied the correct legal standards and that her decision is supported by substantial evidence, the Commissioner's determination may not be overturned.

While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a *scintilla* and must do more than create a suspicion of the existence of a fact to be established." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Indeed, "[i]t means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Smith*, 782 F.2d at 1179; *Rhyne*, 2010 U.S. Dist. LEXIS 142595, at *7-9. Critically, "the substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015). The standard is met by "less than a preponderance" of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

"In reviewing for substantial evidence, [a court must not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Consequently, as long as the judgment is explained and supported by substantial evidence, this Court must accept the Commissioner's decision, even if this Court would reach an opposite conclusion or weigh the evidence differently if it were conducting a *de novo* review of the record. *See Hays*, *supra*, at 1456;

*Rhyne*, 2010 U.S. Dist. LEXIS 142595, *9.

Therefore, the issue before this Court is not whether Plaintiff *is* disabled, but whether the Commissioner's finding that he is *not* disabled is explained and supported by substantial evidence, and that such decision was reached based upon a correct application of the relevant law.

2. *Standard Governing Review of Objections to M&R*

To assist it in its review of the Commissioner's denial of benefits, a court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of motions for summary judgment.]" 28 U.S.C. § 636(b)(1)(B). A magistrate judge makes only a recommendation as to the final disposition of a matter. The recommendation has no presumptive weight and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). Accordingly, the Court must conduct "a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised" in the objections. *See Lemken v. Astrue*, 2010 WL 5057127, at *1 (W.D.N.C. Dec. 6, 2010) (Voorhees, J.); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Once such a review is complete, "the Court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Five-Step Sequential Analysis

The Social Security Administration (the "SSA") has defined disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to last for a period of at least 12 months. *See* 20 C.F.R. § 404.1505(a). To facilitate uniform and efficient processing of disability claims, federal regulations

have reduced the statutory definition of disability to a series of five sequential questions. *See*, *e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). If at any step in the sequential evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

To that end, federal law requires that an ALJ evaluate a claimant's application for disability benefits by considering whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment (i.e., from performing "other work"). 20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of his insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step-five, the burden of production shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, work experience, and residual functional capacity. *Grant*, 699 F.2d at 191. Here, the ALJ determined at the fifth step that Plaintiff was not disabled. [Tr. 42–43]. At the fifth step, the ALJ found that, based on the testimony of the VE and "considering the claimant's ago, education, work experience, and residual functional capacity," jobs exist in significant numbers in the national economy that Plaintiff could perform. [Tr. 42–43].

### C. Weight Assigned to Treating Physicians' Evidence

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Social Security regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §§ 404.1527(c), 416.927(c). If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro*, 270 F.3d at 178. The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996), but the ALJ must nevertheless assign a weight to the medical opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

In discounting the opinions of a treating source, the ALJ must give "good reasons" for doing so. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ's explanation of these "good reasons" "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96-2P, 1996 WL 374188, at *5 (July 2, 1996). However, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence). Further, a treating source's opinion that rests predominately

upon a claimant's subjective complaints is of discounted probative value. *See* S.S.R. 96-7p, 1996 SSR LEXIS 4; *accord Morris v. Barnhart*, 78 F. App'x 820, 824-25 (3d Cir. 2003) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion." (citing *Craig*, 76 F.3d at 590 n.2)).

    D.    <u>Analysis</u>

On Appeal to this Court, Plaintiff contends that the ALJ erred in his consideration of: (1) Plaintiff's mental residual functional capacity ("RFC"); (2) Plaintiff's overall RFC; and (3) a treating physician's opinion. [Doc. 13] at 4–5. In his M&R, Magistrate Judge Keesler found that the ALJ relies on substantial evidence in the record to support his conclusions and provides a thorough explanation for his decision. [Doc. 17]. Plaintiff objected to the M&R [Doc. 18], and the Court analyzes each objection below.

    1.    *Plaintiff's ability to conduct activities of daily living*

Plaintiff argues that the M&R errs in not discussing the ALJ's analysis of Plaintiff's moderate restrictions in his activities of daily living. [Doc. 18] at 1–4. Particularly, Plaintiff argues that the ALJ failed to make specific findings that activities of daily living translated into an ability to work for eight hours per day, five days per week. *Id.* at 3. While this contention was not explicitly addressed in the M&R, the ALJ's narrative discussed Plaintiff's activities of daily living in the course of explaining his RFC finding and the limitations incorporated into that finding. [Tr. 32]. The ALJ references a Function Report from April 2012, in which Plaintiff's wife "notes no problems with personal care other than some limitations in the [Plaintiff's] use of his arm and bending when it comes to activities like dressing and bathing." *Id.* (citing Tr. 304). The ALJ also references Dr. Coffey's consultative examination report, in which Dr. Coffey "noted that [Plaintiff] is able to perform many daily activities, albeit more slowly than normal." *Id.* (citing Tr. 364). The

ALJ noted that Plaintiff "reportedly rides his John Deere tractor to the barn and sometimes helps feed the horses, does light cleaning, dusting, cleaning the sinks, shopping in stores and going [sic] to church." [Tr. 35] (citing Tr. 270–274). Ultimately, the ALJ found that Plaintiff's limitations in activities of daily living did not preclude the work described in the ALJ's RFC finding. [Tr. 29, 32].

The Court concurs with and adopts the reasoning of the M&R, and finds that the ALJ's finding was explained and supported by substantial evidence, and that the decision was reached based upon a correct application of the relevant law.

### 2. *Plaintiff's moderate difficulties in maintaining social functioning*

Next, Plaintiff claims the M&R errs in finding that the ALJ sufficiently accounted for his finding of Plaintiff's moderate difficulties in social functioning. [Doc. 18] at 4. Plaintiff argues that "[a]t no point does the ALJ discuss, analyze, or explain [Plaintiff's] ability to interact with or be around supervisors and/or coworkers." *Id.* Again, while this averment was not explicitly addressed in the M&R, the ALJ discussed Plaintiff's limitations in social functioning in the course of explaining his RFC finding. [Tr. 32, 41]. On multiple occasions, the ALJ references statements from Plaintiff or from his wife that Plaintiff attends church weekly, that his impairments do not limit his ability to get along with others, and that he has a Facebook account. [Tr. 32, 41] (citing Tr. 274, 307–308, 473). Furthermore, the ALJ notes that "[Plaintiff] and his wife reported to Dr. McDaniel, Ph.D., that they have a lot of acquaintances." [Tr. 41] (citing 308). As a result, the Court finds that the ALJ's finding was explained and supported by substantial evidence, and concurs with and adopts the reasoning of the M&R.

3. *Plaintiff's moderate limitations in concentration, persistence, or pace*

Next, Plaintiff claims the M&R errs in finding that the ALJ sufficiently accounted for his finding that Plaintiff has moderate limitations in concentration, persistence, or pace. [Doc. 18] at 5. Specifically, Plaintiff argues that the M&R "mistakenly and repeatedly refers to [Plaintiff's] ability to perform simple, routine, repetitive tasks not [Plaintiff's] capability of staying on task. *Id.* (emphasis omitted). As discussed in the M&R, the ALJ accommodates Plaintiff's difficulties with concentration, persistence, and pace by further limiting Plaintiff to jobs involving a low stress environment, non-production work, and no fast-paced work. [Doc. 17] at 9 (citing Tr. 29). The ALJ sufficiently addresses Plaintiff's ability to stay on task. The ALJ references Dr. Tovah Wax's report, which "concluded that the claimant is capable of simple, routine, repetitive tasks in a low social setting." [Tr. 41] (citing Tr. 146). Specifically, Dr. Wax states that Plaintiff "has the mental ability to sustain concentration to perform a variety of tasks." [Tr. 146]. As a result, the Court concurs with and adopts the reasoning of the M&R, and finds that the ALJ's finding was explained and supported by substantial evidence.

4. *ALJ's decision to give little weight to Dr. Franks' opinion*

Finally, Plaintiff claims that M&R should be rejected because the ALJ failed to provide good reasons for giving little weight to Dr. David Franks' opinion. [Doc. 18] at 7–9. Plaintiff argues that the ALJ did not discuss an MRI taken of Plaintiff's cervical and thoracic spine on August 30, 2012, and as a result, improperly determined the weight that should be given to Dr. Franks' opinion. *Id.* However, as the M&R explains, "the ALJ explicitly cited that MRI and commented that it showed multilevel degenerative changes." [Doc. 17] at 13 (citing Tr. 24). The ALJ also noted that treating physician Dr. Hubert Gooch "concluded that while [Plaintiff] does

9

have degenerative changes as noted in the MRI, he does not see anything that explains the degree of symptomatology that [Plaintiff] describes." [Tr. 24]. Therefore, Plaintiff's argument that the ALJ ignored the August 30, 2012 MRI is without merit.

The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion and give "good reasons" for doing so. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). In discounting Dr. Franks' opinion regarding Plaintiff's pain and limitations, the ALJ references MRI's and x-rays of Plaintiff's pelvis and lumbar spine, which were unremarkable and failed to support Plaintiff's allegations. [Tr. 34]. The ALJ noted that Dr. Gooch's report indicated that Plaintiff had intact sensation, normal gait and tandem walking, and that "straight leg raising, cross straight leg raising, popliteal compression testing and femoral stretch testing were all negative." *Id.* Therefore, the ALJ found that "the evidence does not support Dr. [Franks'] findings, accordingly, I attribute limited weight to his opinion." [Tr. 34].

Plaintiff also argues that the ALJ should not have relied upon Plaintiff's conduct at the administrative hearing [Doc. 17] at 14; however, Social Security Ruling 96-7p states that an ALJ "should consider any personal observations in the overall evaluation of the credibility of the individual's statements." SSR 96-7p, 1996 WL 374186 (July 2, 1996).[2] Furthermore, the cases cited by Plaintiff to support his objection relate to situations where a lay observation that conflicted with other evidence in the record was the only basis for rejecting a claim. *See, e.g., Jenkins v. Sullivan*, 906 F.2d 107, 108-109 (4th Cir. 1990); *Lewis v. Weinberger*, 541 F.2d 417, 421 (4th Cir.

---

[2] SSR 16-3p, which was published on March 16, 2016, superseded SSR 96-7p. On this issue, SSR 16-3p contains substantially identical language. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) ("The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file.").

1976); *Tyler v. Weinberger*, 409 F. Supp. 776, 789 (E.D. Va. 1976). Here, the ALJ provided multiple reasons for why he discounted Dr. Franks' opinion.

As a result of the foregoing, the Court concurs with and adopts the reasoning of the M&R, and finds that the ALJ's finding was explained and supported by substantial evidence, and that the decision was reached based upon a correct application of the relevant law.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED**;

(2) The Defendant's Motion for Summary Judgment [Doc. 14] is **GRANTED**;

(3) The Magistrate Judge's Memorandum and Recommendation [Doc. 17] is **ADOPTED**;

(4) The final decision of the Commissioner is **AFFIRMED**; and

(5) Judgment shall be entered by the Clerk accordingly and this case shall be administratively terminated.

Signed: February 9, 2017

Richard L. Voorhees
United States District Judge